UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**PATRICK JOSEPH WILLIAMS**   **CIVIL ACTION NO. 5:15-cv-2519**
    **LA.  DOC #283412**
**VS.**   **SECTION P**

    **JUDGE ELIZABETH E. FOOTE**

**WARDEN VICTOR JONES**   **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

    Pro se petitioner Patrick Joseph Williams, an inmate in the custody of Louisiana's Department of Corrections, utilizing the form provided to prisoners in this District for filing *habeas corpus* pursuant to 28 U.S.C. §2254, filed the instant civil action on October 13, 2015. He prays for "such relief as may be proper and just." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

    On September 8, 2010, petitioner pled guilty to a charge of second degree robbery and pursuant to what was apparently a plea agreement, he was sentenced to serve 11 years by the First Judicial District Court, Caddo Parish. [Doc. 1, ¶1-7] He did not appeal. [*Id*., ¶8]

    On April 12, 2012, he filed a pro se application for post-conviction relief in the First Judicial District Court raising a claim of ineffective assistance of counsel. His application was denied on July 20, 2012. [*Id*., ¶11(a)] His applications for writs were denied by the Second Circuit Court of Appeal on February 15, 2013, and thereafter by the Louisiana Supreme Court on February 21, 2014. [*Id*., ¶11(b) and (c)]

On January 8, 2015, petitioner filed a pro se petition for habeas corpus in this Court. He attacked his 2010 guilty plea raising a claim of ineffective assistance of counsel. *Patrick Joseph Williams v. Victor Jones*, Civil Action No. 5:15-cv-0098 at Doc. 1. On March 13, 2015, United States Magistrate Judge Mark Hornsby completed his initial review of the pleadings and recommended that the petition be dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d).[1] [*Id.*, Doc. 6] Notwithstanding petitioner's objection [*id.*, Doc. 8], on April 14, 2015, United States District Judge Tom Stagg adopted the Report and Recommendation and entered judgment dismissing the petition with prejudice as time barred; Judge Stagg also denied a Certificate of Appealability. [*Id.*, Doc. 9]

Petitioner did not timely appeal. Instead, on May 19, 2015, he submitted a pro se hand-written pleading which he entitled "Writ of Certiorari." The pleading contained a series of statements of the law apparently gleaned from some legal digest. The document raised no grounds for an appeal or review of the dismissed civil action and was filed beyond the 30-day deadline provided by Federal Rules of Appellate Procedure Rule 4(a). Nevertheless, the pleading was filed as a "courtesy copy for administrative purposes." [*Id.*, Doc. 10]

Petitioner took no further steps with regard to seeking review of his first habeas petition. Instead, he filed the instant petition on October 13, 2015. He argued a single Ground for Relief,

---

[1] Magistrate Judge Hornsby concluded that since petitioner was convicted and sentenced on September 8, 2010, and since he did not appeal, his judgment of conviction became final pursuant to the provisions of 28 U.S.C. §2244(d)(1)(A) when the 30-day period for filing an appeal under Louisiana law (see La. C.Cr.P. art. 914) expired, or on October 8, 2010. The Magistrate Judge then observed that more than 1-year elapsed un-tolled between the date of finality of judgment and the date petitioner filed his otherwise timely application for post-conviction relief in the First Judicial District Court on April 12, 2012. He therefore recommended that the petition be dismissed as time-barred. *See Williams v. Jones*, Civil Action No. 5:15-0048 at Doc. 6.

2

namely, "Petitioner denied Due Process of Law as this Court's previous ruling on his (2254) is without merit." In support of this claim he alleged, "Petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. §2254 on the aforesaid conviction in this court which was denied on April 14, 2015, further denying petitioner's right to appeal said denial to the proper Federal Court of Appeal." [Doc. 1, ¶12] Petitioner then argued that, notwithstanding the passage of more than 1 year from the date his judgment of conviction became final and the date he filed his application for post-conviction relief, his prior petition was timely in that it was filed within a year of the Supreme Court's writ denial on post-conviction relief.

## *Law and Analysis*

### *1. Second and Successive*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the second petition for *habeas corpus* filed by this petitioner attacking his robbery conviction and the sentence imposed by the First Judicial District Court. As noted above, petitioner's first petition for *habeas corpus* was dismissed with prejudice as time-barred, however, a *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir.2009). To the extent that petitioner again challenges his state conviction and sentence, his petition is successive and since he has not yet received permission from the Court of Appeals to file a successive petition in the District Court as required by the statute this Court lacks jurisdiction to consider his claims.

*2. Motions under Rule 59 and 60(b)*

Petitioner's pleading might be construed as a Motion for New Trial filed pursuant to FRCP Rule 50. However, such a motion must be filed within 28 days of the entry of judgment. The complained of judgment was entered on April 14, 2015, and if this pleading is construed as a Motion for New Trial, it is untimely.

On the other hand, the pleading could be construed as a Motion for Relief from Judgment filed pursuant to FRCP Rule 60(b). However, in order to be eligible for relief pursuant to Rule 60(b) the petitioner must demonstrate one of the 6 grounds authorizing such relief, namely (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.

A liberal review of the pleadings filed in this suit and in the prior suit, along with the Reasons for Judgment and Judgment filed therein demonstrate none of the grounds that would support a Motion for Relief from Judgment pursuant to Rule 60(b). As shown above, the ruling, based upon the facts alleged by the petitioner, was and remains a correct ruling. Petitioner's prior petition for habeas corpus was in fact time-barred and dismissal for that reason was appropriate.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus*, to the extent that it may be construed as a second and successive petition, be **DISMISSED** for want of jurisdiction;

**IT IS FURTHER RECOMMENDED** that this pleading, to the extent that it may be construed as a Motion for New Trial pursuant to FRCP Rule 59, be **DENIED** as untimely and

without merit; and, that to the extent that it may be construed as a Motion for Relief from Judgment pursuant to FRCP Rule 60(b) be **DENIED** for the reason that it is manifestly without merit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

5

In Chambers, Monroe, Louisiana, December 14, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**